BONNIE LAU (SBN 246188)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
blau@mofo.com

ALEXANDRA PREECE BARLOW (CA SBN 299715)
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
ABarlow@mofo.com

BRIAN BYRNE (SBN 181362)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road
Palo Alto, CA 94304-1254
Telephone: 650.815.4110
bbyrne@cgsh.com

*Attorneys for Defendants*
CMC Steel Fabricators, Inc.;
CMC Steel US, LLC; CMC Rebar West.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>Plaintiff,<br><br>v.<br><br>CMC STEEL FABRICATORS, INC. dba CMC REBAR; CMC STEEL US, LLC; CMC REBAR WEST.<br><br>Defendants. | Case No. '22CV0892 L DEB<br><br>**CMC DEFENDANTS' NOTICE OF REMOVAL**<br><br>(Removed from the San Diego Superior Court, Case No. 37-2022-00018273-CU-BT-CT) |

PLEASE TAKE NOTICE that Defendants CMC Steel Fabricators, Inc. dba CMC Rebar, CMC Steel US, LLC, and CMC Rebar West (collectively, "CMC Defendants") hereby remove this case from the Superior Court of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.

## I. INTRODUCTION

Plaintiff Pacific Steel Group ("PSG") commenced this action against CMC Defendants on May 13, 2022, seeking damages and injunctive relief based on CMC Defendants' alleged low-cost and loss-leader pricing and unfair business practices. PSG served CMC Defendants on May 18, 2022.

The Complaint asserts three causes of action: (i) violation of California Unfair Practices Act, Cal. Bus. & Prof. Code ¶ 17043; (ii) violation of California Unfair Practices Act, Cal. Bus. & Prof. Code ¶ 17044; and (iii) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. Attached are true and correct copies of PSG's Complaint (Exhibit 1), Summons (Exhibit 2), and Civil Cover Sheet (Exhibit 3). True and correct copies of the remaining process, pleadings, and orders served in this action at the time of this removal and known to CMC Defendants are attached as Exhibit 4.

## II. TIMELINESS OF REMOVAL

CMC Defendants were personally served with the Summons, Complaint and case initiating documents on May 18, 2022. CMC Defendants have not pleaded, answered, or otherwise appeared in the State Action. This notice of removal is therefore timely under 28 U.S.C. Section 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## III. VENUE OF REMOVED ACTION

Venue is proper pursuant to 28 U.S.C. Section 1441(a) and 28 U.S.C. Section 1446(a) because this Court is the United States District Court for the district and division embracing the place where the removed action was pending.

## IV. BASIS FOR REMOVAL – DIVERSITY OF JURISDICTION

This action is removable under 28 U.S.C. Section 1441(a) because this Court would have had original diversity jurisdiction over PSG's claims pursuant to 28 U.S.C. Section 1332(a) had PSG elected to file the action initially in federal court.

### A. Complete Diversity

PSG and CMC Defendants are citizens of different states. PSG states that it is a California corporation with its principal place of business in San Diego, California. (Ex. 1, Compl. ¶ 3.) Defendant CMC Steel Fabricators, Inc. dba CMC Rebar is a Texas corporation with its principal place of business in Seguin, Texas. (Declaration of Britney Prince, ¶ 2.) Defendant CMC Steel US is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Irving, Texas. (*Id.* at ¶ 3.) CMC Steel US is wholly-owned by Commercial Metals Company, a Delaware corporation with its principal place of business in Irving, Texas. (*Id.* at ¶ 5.) Defendant CMC Rebar West was a Delaware general partnership with its principal place of business in San Diego, California. (*Id.* at ¶ 4.) However, CMC Rebar West was merged into CMC Rebar and dissolved on January 1, 2021. (*Id.*) Because CMC Rebar West ceased to exist before the filing of the Complaint, its citizenship is irrelevant for the determination of diversity. *Dickens v. World Savings Bank,* No. 18cv1271-LAB (RBB) 2019 WL 913069, at *1, n.1 (S. D. Cal. Feb. 22, 2019) ("When two entities merge before suit is filed, the citizenship of the successor is determinative for purposes of diversity jurisdiction.") (citing *West Meadows v. Bicrodyne Corp*., 785 F.2d 670, 671-72 (9th Cir. 1986)). As such, PSG and CMC Defendants are citizens of different states, which satisfies the complete diversity requirement in 28 U.S.C. Section 1332(a)(1).

### B. Amount in Controversy Exceeds $75,000

Where, as here, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds" the jurisdictional limits of the Court.

*Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (internal quotation marks omitted); *see also Dart Cherokee Basin Operating Co. v. Owen*s, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

Here, PSG's Complaint allegations demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Complaint seeks damages for lost profits and diminished business value. (Ex. 1, Compl. ¶¶ 51, 56, 62.) Specifically, PSG alleges that CMC Defendants bid below their costs on three separate projects for which PSG also bid, and that such bids were "specifically designed and intended to divert projects away from Pacific Steel." (*Id*. ¶¶ 31-34.) PSG also alleges that its bid for each of these projects "allowed for a modest net profit." (*Id*. ¶¶ 32-34.) PSG claims that its bid on the first project was $11,395,000 and that its bid on the second project was $10,795,000. (*Id*. ¶¶ 32-33.) Even if PSG's expected "modest net profit" was as low as one percent on either project, it would exceed $100,000. Thus, based on the Complaint allegations, PSG's alleged damages likely exceed the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a).

## V. NOTICE TO STATE COURT AND PLAINTIFFS

Counsel for CMC Defendants certifies, pursuant to 28 U.S.C. Section 1446(d), that it will promptly provide written notice of this Notice of Removal to PSG through PSG's counsel of record, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Diego, which shall effect the removal.

## VI. CONCLUSION

For the foregoing reasons, CMC Defendants remove this case from the Superior Court of California for the County of San Diego to this Court.

Dated: June 17, 2022

MORRISON & FOERSTER LLP

By: */s/ Bonnie Lau*
Bonnie Lau

Attorneys for Defendants
CMC Steel Fabricators, Inc.; CMC Steel US, LLC; CMC Rebar West