UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>                              Plaintiff,<br><br>v.<br><br>CMC STEEL FABRICATORS, INC, dba CMC REBAR et al.,<br><br>                              Defendants. | Case No.:  22-cv-0892-L-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>**[ECF No. 228]** |

Pending before the Court is Plaintiff's motion to disqualify Defendants' counsel Kenneth M. Fitzgerald and Brooke L. Raunig.  (ECF No. 228, amended at ECF No. 265.) Defendants filed an opposition (ECF no. 233), and Plaintiff filed a reply (ECF no. 247, amended at ECF no. 266).  The matter is appropriate for decision without oral argument. *See* Civ. L. R. 7.1(d)(1).  For the reasons stated below, the motion is denied.

**I.      BACKGROUND**

Plaintiff Pacific Steel Group ("Plaintiff") and Defendants CMC Steel Fabricators, Inc., CMC Rebar West, and CMC Steel US LLC (collectively "Defendants" or "CMC Rebar") compete in the steel rebar furnishing and installation ("F&I") market in California.  Plaintiff claims that Defendants sold F&I services below cost and as loss leaders with the purpose of injuring competitors or destroying competition.

/ / / / /

1

Plaintiff filed this action in State court alleging violations of California Business and Professions Code Sections 17043, 17044, and 17200. When Defendants removed it to this court, District Judge M. James Lorenz and Magistrate Judge Daniel E. Butcher were assigned. (ECF No. 1.)

Both parties have been represented by large national firms in this litigation. Until recently, Defendants were represented by attorneys at Dechert LLP, Morrison & Foerster LLP ("Morrison"), and Wilson Sonsini Goodrich & Rosati PC ("Wilson Sonsini"). Initially, to comply with local rules, Defendants engaged as local counsel Bonnie Lau, partner at the Morrison San Francisco office, and Alexandra Preece Barlow from Morrison's San Diego office. (ECF No. 233-3 ("Bizar Decl.") ¶ 3.)

In April 2025, Ms. Lau transferred from Morrison to Wilson Sonsini's San Francisco office. (ECF No. 162.) At this point in the litigation, discovery was closed (*see* ECF no. 167 at 7) and Defendants' summary judgment motion was pending (ECF no. 83). (Bizar Decl. ¶ 4.) Defendants started considering a trial counsel with meaningful local jury experience who could actively participate in trying the case. (*Id.* ¶¶ 4, 6; *see also* ECF No. 233-2 ("Prince Decl.") ¶¶ 4-5.) Although Ms. Barlow remained as Defendants' local San Diego counsel, she was not considered in this role because she was a "relatively young partner." (Bizar Decl. ¶ 3.) Defendants considered the Wilson Sonsini San Diego office, and determined it lacked a suitable trial counsel. (*Id.* ¶ 5.) They concluded that no defense firms had any significant experience with jury trials in San Diego. (*Id.*) Ultimately, Defendants identified and interviewed Mr. Fitzgerald of the San Diego-based law firm Fitzgerald Knaier LLP ("Fitzgerald"). (Prince Decl. ¶¶ 5-7; Bizar Decl. ¶¶ 6-7; *see also* ECF No. 233-4 ("Fitzgerald Decl.") ¶¶ 4-12.) Defendants retained him on May 15, 2025, to consult on trial strategy and help try the case based on his local jury trial experience, knowledge of local juries, and his firm's competitive billing rates. (Prince Decl. ¶¶ 6-7; Bizar Decl. ¶ 7; *see also* Fitzgerald Decl. ¶¶ 4-12, 16.) Mr. Fitzgerald brought with him Ms. Raunig as an associate attorney. (Fitzgerald Decl. ¶ 15.)

Mr. Fitzgerald and Ms. Raunig did not immediately enter appearances, as they had been retained for purposes of trial. (Fitzgerald Decl. ¶ 16.) They waited for Judge Butcher to rule on all motions that were then pending before him and entered appearances on August 26, 2025. (*Id.*; *see also* ECF Nos. 219, 220.) Judge Butcher recused himself from the case the next day. (ECF No. 221.) Mr. Fitzgerald anticipated this as he describes himself as a "close personal friend" of Judge Butcher's. (Fitzgerald Decl. ¶¶ 14, 16.) Simultaneously with Judge Butcher's recusal, the case was randomly reassigned to Magistrate Judge Jill L. Burkhardt (ECF no. 221) according to this District's local rules. *See* Civ. L. R. 40.1.

Plaintiff moves to disqualify the Fitzgerald attorneys from representing Defendants and requests to reassign Judge Butcher to this case. For the reasons stated below, the motion is denied.

## II.  DISCUSSION

Federal courts in California apply California law to motions for disqualification of counsel. *Radcliffe v. Hernandez,* 818 F.3d 537, 541, 543 (9th Cir. 2016); *see also Wininger v. SI Mgt L.P.,* 301 F.3d 1115, 1122 (9th Cir. 2002); *In re Cnty of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("we apply state law in determining matters of disqualification").[1]

> Ultimately, disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility. [H]owever, the paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar.

*City and Cnty of San Francisco v. Cobra Solutions, Inc.,* 38 Cal.4th 839, 846 (2006). "The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." *People ex rel. Dep't of*

---

[1] Unless otherwise noted, internal quotation marks, citations, footnotes, ellipses, and brackets are omitted from citations.

*Corporations v. SpeeDee Oil Change Sys., Inc.,* 20 Cal.4th 1135, 1145 (1999) (*"SpeeDee"*).

In determining whether an ethical violation occurred, state and federal courts in California look to the State Bar of California Rules of Professional Conduct ("Prof. Conduct Rules"),[2] American Bar Association Model Rules of Professional Conduct ("Model Rules"), local rules of the court, and relevant case law. *See, e.g., Walker v. Apple, Inc.,* 4 Cal. App. 5th 1098, 1106-1115 (2016); *Radcliffe,* 818 F.3d at 541-47; Prof. Conduct Rule 1.0(b)(2) & comm. 4.

"A motion to disqualify a law firm can be a powerful litigation tactic to deny an opposing party's counsel of choice." *In re Cnty of Los Angeles*, 223 F.3d at 996. For example, "motions to disqualify are often used as a tactical device delay litigation." *State Farm Mut. Auto Ins. Co. v. Fed. Ins. Co.,* 72 Cal. App. 4th 1422, 1433 (1999). Clients "bear the financial burden when their chosen counsel is disqualified – a burden that an opponent may desire in order to gain a tactical advantage in the litigation." *City and Cnty of San Francisco,* 38 Cal.4th at 851. "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Shurance v. Planning Control Int'l., Inc.,* 839 F.2d 1347, 1349 (9th Cir. 1988).

Plaintiff argues for disqualification because Judge Butcher's recusal would "squander" years of effort he expended on the discovery and settlement matters in this case and because the association of Fitzgerald attorneys "threatens the appearance of impropriety." (ECF No. 265, Pl.'s Mot. to Disqualify at 2.) Suggesting that Mr. Fitzgerald's retention was motivated by Defendants' desire to have the case transferred because Judge Butcher had previously ruled in Plaintiff's favor, Plaintiff points out that Defendants could have selected other qualified San Diego trial counsel who would not have triggered recusal. Plaintiff does not deny that no motions were pending before

---

[2] *See* Prof. Conduct Rule 8.5.

Judge Butcher when the Fitzgerald counsel entered their appearances. Finally, Plaintiff contends that Judge Butcher's recusal will cause delay because the newly assigned magistrate judge is not familiar with the case.

Plaintiff's contentions implicate defense counsel's ethical duties toward their adversary and the court. Specifically, a lawyer shall not "use means that have no substantial purpose other than to delay or prolong the proceeding or to cause needless expense," Prof. Conduct Rule 3.2; "engage in conduct intended to disrupt a tribunal," Model Rule 3.5(d); or "engage in conduct that is prejudicial to the administration of justice," *id.* Rule 8.4(d). These principles are echoed in the Local Rules of this District. *See* Civ. Loc. R. 2.1(a)(1) & (2)(h).

When the Fitzgerald counsel entered their appearances, discovery was closed, and all requests for limited further discovery had been ruled upon by Judge Butcher or agreed by the parties. (*See* ECF Nos. 167, 187, 209.) No motions were pending and no further hearings were set before Judge Butcher. Plaintiff's contention that its intention to file further discovery motions counsels for disqualification is rejected.

Plaintiff planned to file a motion for sanctions arguing spoliation of evidence and a motion to strike untimely expert disclosures. Those motions were not on file when the Fitzgerald attorneys entered appearances. The motion to strike has not been filed to date. The motion for sanctions, filed more than a month after the Fitzgerald appearance (*see* ECF no. 257), was filed to this Court rather than the magistrate court. Based on the state of magistrate court proceedings when the Fitzgerald counsel made their appearances, Plaintiff's contention that the defense counsel violated their professional duties by interfering with or manipulating the magistrate proceedings is rejected. Plaintiff has not shown that defense counsel engaged in actions damaging to the public trust in administration of justice. *See* Model Rules 3.5(d), 8.4(d).

To the extent Plaintiff claims that the Fitzgerald counsel appearance will cause undue delay, the claim is rejected for similar reasons. Plaintiff has not shown that the Fitzgerald appearance was made for the purpose of delay. *See* Prof. Conduct Rule 3.2.

Instead, Plaintiff argues that it will be a waste of judicial resources if a new magistrate judge must familiarize herself with the case to rule on Plaintiff's planned discovery motions.

It is not uncommon for cases to be transferred between judges for a variety of reasons. *See, e.g.,* 28 U.S.C. §455; Civ. Loc. R. 40.1(c), (j). This case has the advantage of being at the end of magistrate judge proceedings and having a well-documented history, including Judge Butcher's and this Court's detailed discovery rulings (ECF nos. 167, 242), transcripts of discovery hearings (ECF nos. 157, 192, 207), and status reports (ECF nos. 173, 174, 193, 202, 208). Plaintiff's contention of delay is unpersuasive for the additional reasons that Plaintiff's motion for sanctions is based on a deposition which Judge Butcher had no occasion to review. (*See* ECF no. 257.) Plaintiff's motion to strike based on untimely disclosure is yet to be filed. Such motions are common, typically not complex, and it is difficult to imagine why Plaintiff's planned motion should require great familiarity with the case. Plaintiff's prior motion to strike based on untimely disclosure was filed to this Court, which had no prior familiarity with discovery proceedings in this case. (*See* ECF No. 107.)

Based on the foregoing, Plaintiff has not shown that defendants violated ethical standards. Even if the Court were to assume that the Fitzgerald attorneys' appearance amounted to a violation, disqualification would not be automatic. Only cases of concurrent representation of clients with adverse interests warrant automatic disqualification. *Radcliffe*, 818 F.3d at 541, 543, 547. Aside from this exception, the courts use a "balancing-of-interests test" which weighs "the combined effects of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding," *id.* at 543, 546-47, against the "paramount concern of preserv[ing] public trust in the scrupulous administration of justice and the integrity of the bar." *City and Cnty of San Francisco,* 38 Cal.4th at 846.

/ / / / /

Plaintiff has not shown that by introducing the Fitzgerald attorneys, defense counsel violated ethical duties that would "affect the fundamental principles of our judicial process." *SpeeDee,* 20 Cal. 4th at 1145. Accordingly, the balance of factors, including parties' "strong interest in representation by counsel of their choosing," *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F. 2d 1355, 1358 (9th Cir. 1981), weigh against disqualification.

Plaintiff's reliance on *UCP Int'l Co. Ltd. v. Balsam Brands Inc.,* 261 F. Supp. 3d 1056 (N.D. Cal. 2017) (*"UCP"*), is unavailing.[3] *UCP* was a patent case, where the district judge had issued detailed temporary restraining order and claim construction rulings. Based thereon, he suggested the parties file a summary judgment motion. However, just after the summary judgment motion was filed, the less successful party entered appearance of new counsel which prompted the district judge to recuse himself. The case was transferred to a new district judge, who was to rule on summary judgment without the benefit of familiarity with the case. Moreover, the reassignment threatened to unravel the claim construction rulings which formed the basis of the summary judgment motion. The party who triggered recusal apparently did not wish to argue against summary judgment before the prior judge, whose rulings would inform his summary judgment order.

By contrast, Plaintiff's motion for sanctions here is based on a deposition Judge Butcher had not considered. It also appears that any yet-to-be-filed motion to strike would be based on facts which were not considered by Judge Butcher. Furthermore, unlike here, in *UCP* the recusal interrupted district court proceedings amid complex motion practice. Here, no motions were pending before Judge Butcher when the

/ / / / /

---

[3] "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green,* 563 U.S. 692, 709 n.7 (2011).

Fitzgerald counsel made their appearance, and Plaintiff's planned motions are not dispositive. Accordingly, *UCP*'s holding in favor of disqualification is not persuasive.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated:  November 10, 2025

_____
Hon. M. James Lorenz
United States District Judge