UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>                                    Plaintiff,<br><br>v.<br><br>CMC FABRICATORS, INC. dba CMC REBAR, et al.,<br><br>                                    Defendants. | Case No.:  3:22-cv-00892-L-JLB<br><br>**ORDERS:**<br>**GRANTING DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS;**<br><br>**GRANTING REQUEST IN OPPOSITION TO FILE SUR-SUR-REPLY;**<br><br>**DENYING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF Nos. 274, 277]** |

Before the Court is the *Ex Parte* Application of Defendants CMC Steel Fabricators, Inc. dba CMC Rebar, CMC Steel US, LLC, and CMC Rebar West ("Defendants") for Leave to File Sur-reply in Opposition to Plaintiff's Motion for Sanctions on the grounds

1

that Plaintiff included new evidence, arguments, and authorities in its Reply briefing. (ECF No. 274.) Defendants filed their proposed Sur-reply with the *Ex Parte* Application. (ECF No. 274 at 7-16 - Ex. A.) Plaintiff filed an Opposition to the *Ex Parte* Application requesting it be denied on the grounds that the evidence and arguments offered in its Reply are properly responsive to the Opposition to the Motion for Sanctions. (ECF Nos. 279.) Plaintiff requests, in the alternative, that if Defendants are allowed a Sur-reply, Plaintiff be given leave to file a Sur-sur-reply. (ECF No. 279.) Plaintiff filed its proposed Sur-sur-reply with its Opposition briefing. (ECF No. 279-1; ECF No. 282 [corrected].) Plaintiff also requests to file under seal materials related to its opposition briefing that were designated as Confidential by Defendants during the discovery process. (ECF No. 277). Defendants did not oppose the Motion to Seal.

For the reasons set forth below, Defendants' *Ex Parte* Application for Leave to file a Sur-reply is **GRANTED**. Plaintiffs are also given leave to file a Sur-sur-reply. Plaintiff's Motion to File Documents related to this E*x Parte* Application under seal is DENIED.

**I. BACKGROUND**

Plaintiff and Defendants compete in the steel rebar furnishing and installation ("F&I") market in California. Plaintiff claims that Defendants sold F&I services below cost and as loss leaders with the purpose of injuring competitors or destroying competition in violation of California law.

The current motion before the Court, on which leave to file additional briefing is sought, is Plaintiff's Motion for Sanctions against Defendants for purported spoliation of electronically stored information (ESI). (ECF No. 257.) In the Motion for Sanctions, Plaintiff claims that Defendants failed to preserve potentially relevant ESI, primarily in the form of information contained in text messages, laptops, and OneDrive backups of Defendants' former employees. (*Id.* at 6.) Defendants do not dispute that they "reset" the company-issued mobile phones and laptops of departing employees as part of their routine practice, resulting in the loss of information that cannot be duplicated or restored. The

3:22-cv-00892-L-JLB

parties dispute whether this amounts to spoliation of evidence under Federal Rule of Civil. Procedure. 37(e), including whether Defendants should have preserved the evidence.

Plaintiff argues that Defendants should have ceased the automatic reset of company-issued phones, laptops, and OneDrive backups of departing employees at the outset of litigation because this ESI likely included business information relevant to the issues in dispute.[1]  (ECF No. 257 at 6-7.)  Plaintiff proffers evidence that Defendants' employees texted about business matters in the form of texts from personal devices of some key custodians: "[T]he text messages produced by Mr. Davis and Mr. Dennison regarding CMC Rebar's predatory scheme demonstrate that the text messages of the agreed-upon CMC Rebar custodians [whose company texts were not preserved] are not only potentially relevant – but critical evidence." (*Id.*at 19.)  Plaintiff contends that the existence of texts discussing business matters makes it likely that the destroyed ESI from key custodians also contained relevant information and that Defendants should have known this at the outset of the litigation and preserved them.  (*Id.*)  Plaintiff also claims that Defendants attempted to conceal the destruction of cell phone and laptop information, and this indicates intent warranting the requested sanctions.  (*Id.* at 9.)

Defendants, in their Opposition, contend that the destroyed texts and laptop information (and the OneDrive backups) "were not preserved pursuant to [Defendants] normal retention practices for the simple, benign, and undisputed reason that those devices should not contain any substantiative business information." (ECF No. 261 at 6.)  Defendants urge this conclusion because "CMC Rebar employees are instructed not to conduct business outside of company-managed applications on mobile devices – texts are not on managed applications." (*Id.* at 7.)  Defendants also dispute that Plaintiff's evidence

---

[1] The parties do not dispute that any duty to preserve evidence in anticipation of litigation occurred, at the latest, when the Northern California action was filed by Plaintiff on October 30, 2020.  That action included the current claims that are now pending before this Court.

3:22-cv-00892-L-JLB

offered in support of the Motion for Sanctions shows that relevant evidence was destroyed: "There is no evidence that any other former employees texted about relevant issues, let alone through texts CMC Rebar would have been aware of, had access to, or had control over." (*Id.* at 18.)

The parties also dispute whether there was prejudice as required for sanctions under Federal Rule of Civil Procedure 27(e)(1), whether there was the requisite intent as required for sanctions under subsection (e)(2), and what level of culpability is required for the intent element. District Judge M. James Lorenz reserved the issue of adverse sanctions under Federal Rule of Civil Procedure 27(e)(2), and only the issue of sanctions under Federal Rule of Civil Procedure 37(e)(1) is before this Court on the Motion for Sanctions. (ECF No. 276 at 2.) Therefore, the issue of what standard applies for an adverse instruction sanction under Federal Rule of Civil Procedure 37(e)(2) is reserved for the District Judge. However, the referral order directs this Court to rule on the *Ex Parte* Application as a nondispositive matter pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil procedure 72 (a), and Civil Local Rule 72.1(b). (*Id.* at 1.)

## II. THE *EX PARTE* APPLICATION

In the *Ex Parte* Application, Defendants contend that they should be given an opportunity to address "new matters" raised by Plaintiff in its Reply. Defendants identify numerous "new" matters as bases for the requested additional briefing. (ECF. No. 274 at 2.) Defendants first argue that Plaintiff's filing of over 100 pages of new evidence with its Reply, primarily emails and text messages of Defendants' employees, violates Civil Local Rule 7.1(f)(2)(a) and "deprived CMC Rebar of the opportunity to respond and present the Court with a balanced record." (*Id.* at 3.) Defendants also contend that Plaintiff's Reply cites new case law on the legal standard that should be applied to the intent element for the adverse sanctions request. (*Id.* at 4.) Finally, Defendants claim Plaintiff's Reply "deliberately mischaracterizes the facts and evidence" presented in the prior briefings on the Motion for Sanctions, including calling some facts "undisputed" that it "knows to be false." (*Id.* at 9-14.)

3:22-cv-00892-L-JLB

Plaintiff disagrees and argues that all evidence, arguments, and case law offered for the first time in the Reply are not "new" but are in "direct response to an inaccurate claim in CMC Rebar's Opposition." (ECF No. 279 at 2.) Plaintiff claims that the extensive text messages and emails of Defendants' former employees first filed with its Reply rebut Defendants' Opposition statement that "[t]here is no evidence that any other former employees texted about relevant issues." (*Id.*) Plaintiff further claims that the volume of evidence filed with the Reply is irrelevant "because Pacific Steel does not rely upon the content of the text messages; it relies on the number of messages showing that CMC Rebar custodians do, in fact, text about business matters." (*Id.*) Plaintiff addresses Defendants' contention about new case law in the Reply by claiming the Reply addresses the Opposition arguments on the legal standard to be applied and that Defendants "identif[y] no rule prohibiting a moving party from citing responsive cases on reply. . . .." (*Id.* at 3.) Finally, Plaintiff claims it did not make "mischaracterizations" that warrant more briefing but made arguments to rebut those made in the Opposition. (*Id.* at 5.)

Plaintiff requests that if leave is granted to file a Sur-reply, Plaintiff should be allowed to file a Sur-sur-reply. (*Id.* at 5.)

**III. DISCUSSION**

**A.     Legal Standard for Additional Briefing**

Local Rule 7.1 provides that copies of all documentary evidence which the movant intends to submit in support of motion, or other request for ruling by the court, must be served and filed with the motion. "It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *Do. v. Tri City Healthcare Dist.*, No. 19cv2253-MSB (NLS), 2020 WL 6484633, at *2 (S.D. Cal. Nov. 4, 2020) *(quoting U. S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal 2000).)

However, reply evidence submitted in direct response to evidence raised in the opposition is not "new." *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 955 (C.D. Cal.

2015). Evidence submitted with a reply brief is also not new evidence "when it is submitted to rebut arguments raised in the opposition brief." *Cabrales v. BAE Sys. San Diego Ship Repair, Inc.*, No. 21-cv-02122-AJB-DDL, 2024 WL 115799 at *1 (S.D. Cal. Jan. 10, 2024). Arguments not made in a moving brief but made in response to matters that were raised in the opposition are also not considered new. *All Star Seed v. Nationwide Agribusiness Ins. Co.*, No. 12cv146 L (BLM), 2014 WL 1286561, at *15 (S.D. Cal. Mar 31, 2014).

The Local Rules in this district do not authorize the filing of a surreply. Still, district courts have discretion to either permit or preclude the filing of surreply. *U.S. v. Venture One Mortg. Corp.*, 13-CV-1872 W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb 26, 2015). Such discretion "should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Id.* Discretion is also properly exercised in favor of a surreply when the reply brief appears to introduce new evidence. *Id.; see also Do.*, 2020 WL 6484633 at *2. Even if the reply is largely responsive to issues raised in the opposition, the court may find it in the interests of fairness to allow additional briefing where the reply presents further evidence and arguments not raised in the moving papers. *Sherman v. Yahoo! Inc.*, No. 13cv0041-GPC-WVG, 2015 WL 5604400, at *3 (S.D. Cal. Sept. 23, 2015); *see also Dunsmore v. San Diego Cnty. Sheriff's Dep't*, 20-cv-00406-AJB-DDL, 2025 WL 605041, at *2 (S.D. Cal. Feb 25, 2025) (submitting further evidence and arguments in support of issues raised in the moving papers, rather than merely responding to the opposition, deprives the opposing party of the opportunity to respond).

**B.    Analysis**

Plaintiff's moving papers presented the argument (among others) that the lost text messages likely contained relevant business information that is probative in this matter and

that Defendants should have reasonably known this and taken steps to preserve the ESI.[2] In support of this argument, Plaintiff submitted a selection of text messages from the personal phones of Defendants' former employees who were later designated as ESI custodians. (ECF No. 257-7). In their Opposition, Defendants disputed that this evidence shows employee use of texting about substantive business matters and stated that: "There is no evidence that any other former employees texted about relevant issues, let alone through texts CMC Rebar would have been aware of, had access to, or had control over." (ECF No. 261 at 18.) In response, Plaintiff submitted numerous pages of text messages with its Reply.

This is not a situation where the Defendants raised this issue for the first time in its Opposition. This issue was presented by Plaintiff in the moving papers and Plaintiff chose what evidence to present on this point. Defendants took issue with the evidence Plaintiff relied on, arguing that it did not prove Plaintiff's point. Plaintiff then chose to present additional text messages arguing that the sheer volume of the messages now being proffered supports its original argument from the moving papers. This amounts to new evidence and further argument on this point and not merely a rebuttal argument about the adequacy of Plaintiff's evidence presented with the moving papers. Although Plaintiff claims it is not offering additional text messages for the "content" of the messages, in the interests of fairness, Defendants should have an opportunity to address both the volume and the content of the newly presented reply evidence. For this reason, the Court is exercising its discretion to allow additional briefing by both parties.

**IV. MOTION TO SEAL**

Plaintiff brings its Motion to Seal certain information filed in connection with its Sur-sur-reply, specifically excerpts from the Deposition of Christy Higgenbotham and a redacted version of the Sur-sur-reply that quotes or paraphrases the deposition testimony.

---

[2] Similar arguments are presented with respect to information stored on employee laptops and the corresponding OneDrive backups.

3:22-cv-00892-L-JLB

(ECF No. 277 at 2.) Plaintiff requests sealing on the basis that the excerpts were designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Defendants during discovery pursuant to the August 24, 2023 Protective Order approved. (*Id*.) Plaintiff has no dog in the fight and therefore takes no position on the propriety of sealing these materials. (*Id*.) Plaintiff sets forth no argument in support of sealing. (*Id*.) Although Defendants have joined in previous motions by Plaintiff to file under seal documents containing matter the Defendants have produced and designated as confidential, Defendants did not join in the instant motion. Consequently, no party has put forward any facts or argument in support of the Motion to Seal.

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Nia v. Bank of Am.,* No. 21-CV-1799-BAS-BGS, 2024 WL 171659, at *1 (*S. D. Cal. Jan.12, 2024); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The showing required to meet this burden depends on whether the materials to be sealed are "more than tangentially related to the merits" in which case the "compelling reasons" standard applies. *Ctr. for Auto Safety,* 809 F.3d at 1096-98. When the materials involved do not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* The Ninth Circuit in *Center for Auto Safety* held that when sealed materials are attached to a discovery motion unrelated to the merits of the case, application of the "good cause" standard is appropriate. *Id.* at 1097. However, "neither the parties' agreement that documents shall be filed under seal, nor a party designating documents as confidential, is sufficient to meet the good cause standard." *Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015).

Here, the Court has nothing before it other than the fact that the material sought to be filed under seal was designated confidential by the Defendants. That is inadequate.

Accordingly, Plaintiff's Motion to Seal materials related to its Sur-sur-reply is **DENIED**.

/ / /

8

3:22-cv-00892-L-JLB

## V. CONCLUSION

Upon review, the Court finds that exercising its discretion in favor of allowing additional briefing is in the interests of fairness. Accordingly, Defendants' *Ex Parte* Application for Leave to File a Sur-reply is **GRANTED**. Defendants shall file the proposed Sur-reply attached as Exhibit A to the *Ex Parte* Application and supporting documents on the docket by April 21, 2026. For the same reasons, Plaintiff's request to file a Sur-sur-reply is **GRANTED**. Plaintiffs shall file the unredacted proposed Sur-sur-reply attached as Exhibit 1 to the Opposition to the *Ex Parte* Application on the docket by April 21, 2026. No other briefing is allowed.

**IT IS SO ORDERED.**

Dated:  April 16, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

9

3:22-cv-00892-L-JLB