

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>                                    Plaintiff,<br><br>v.<br><br>CMC FABRICATORS, INC. dba CMC REBAR, et al.,<br><br>                                    Defendants. | Case No.:  3:22-cv-00892-L-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS TO FILE MATERIALS UNDER SEAL**<br><br>**[ECF Nos. 255, 262, 267]** |

Before the Court are two motions (ECF Nos. 255, 267) filed by Plaintiff Pacific Steel Group ("Plaintiff"), seeking to file under seal certain documents in connection with Plaintiff's Motion for Sanctions (ECF No. 257).[1]  Defendants CMC Steel Fabricators, Inc. dba CMC Rebar, CMC Steel US, LLC, and CMC Rebar West ("Defendants") join, in part, in Plaintiff's two motions to seal.  (ECF Nos. 262, 275.)  Also before the Court is a motion filed by Defendants seeking to permanently seal certain information in connection with

---

[1] The Motion to Seal docketed at ECF No. 255 will be referred to as "Plaintiff's First Motion to Seal."  The Motion to Seal docketed at ECF No. 267 will be referred to as "Plaintiff's Second Motion to Seal."  These two motions will be referred to collectively as "Plaintiff's Motions to Seal."

their opposition to Plaintiff's Motion for Sanctions.  (ECF No. 262.)[2]  For the reasons set forth below, Plaintiff's Motions to Seal (ECF Nos. 255, 267) are **GRANTED** in part and **DENIED** in part.  Defendant's Motion to Seal (ECF No. 262) is **GRANTED**.

## I.    NOMENCLATURE USED BY THE PARTIES

Pursuant to its obligations under the August 24, 2023 Protective Order, Plaintiff moves to seal certain materials that Defendants produced in discovery and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Plaintiff includes in its Motion for Sanctions.  Plaintiff has no dog in the fight and therefore takes no position on the propriety of sealing these materials.  (ECF No. 255 at 2; 267 at 2.)  Plaintiff sets forth no argument in support of sealing.  (*Id*.)  Presumably because Plaintiff appropriately filed the documents under seal on CM/ECF pending a ruling on its motions to seal, Plaintiff refers to its request as a motion to "provisionally" seal the documents.  Defendants, whose purportedly sensitive or confidential information is at issue, offers substantive arguments in support of granting the Motions to Seal, and refers to their position as a request to "permanently" seal the documents.  The Court does not adopt this nomenclature.  To the extent the motion is granted, the documents are ordered sealed, not "permanently" sealed.  Specifically, the decision with respect to the sealing of material in the context of the pending motion for sanctions will not necessarily apply to any future request to file the same material under seal in another context.

## II.    ANALYSIS

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access.  *See Nia v. Bank of Am.,* No. 21-cv-1799-BAS-BGS, 2024 WL 171659, at *1 (*S.D. Cal. Jan.12, 2024); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  The showing required to meet this burden depends on whether the materials to be sealed are "more than tangentially related to the merits," in

---

[2] The motion to seal docketed at ECF No. 262 will be referred to as "Defendant's Motion to Seal."

2

3:22-cv-00892-L-JLB

which case the "compelling reasons" standard applies. *See Ctr. for Auto Safety*, 809 F.3d at 1096-98. When the materials involved do not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* In *Center for Auto Safety*, the Ninth Circuit held that when sealed materials are attached to a discovery motion unrelated to the merits of the case, application of the "good cause" standard is appropriate. *Id.* at 1097. Therefore, the parties' requests to file under seal the designated materials for the purpose of this Motion for Sanctions, a discovery motion, are reviewed for good cause. *Id.*; *see also* Fed. R. Civ. P. 26(c).

### A. Plaintiff's First Motion to Seal (ECF No. 255)

Because Plaintiff's Motions to Seal are filed only to protect the interests of Defendants, the Court will only address those materials in Plaintiff's motions to seal for which Defendants advance arguments in support of sealing.

Defendants advance arguments in support of filing under seal the following materials filed as part of Plaintiff's Motion for Sanctions. The exhibits listed (ECF Nos. 257-2, 257-3) are exhibits to the Declaration of Tim Horgan-Kobelski (ECF No. 257-1) filed in support of Plaintiff's Motion for Sanctions.

| Ex. | Description | Category of CMC Rebar Protected Information | Redacted in Part or Sealed in Entirety |
|---|---|---|---|
| 1 | Litigation Hold Notice and Litigation Hold, CMC_REBAR_000015055 (ECF No. 257-2) | CMC Rebar Privileged Information | Sealed in Entirety |
| 2 | Excerpts of Aug. 15, 2025 Deposition of Christy Higginbotham (ECF No. 257-3) | CMC Rebar Privileged Information; details of litigation hold | Redacted at 49:25-50:5; 57:25-58:25; 150:24-151:15 |
| N/A | Plaintiff's Motion for Sanctions (ECF No. 257) | CMC Rebar Privileged Information; details of litigation hold | Redacted at 4:3-9, 15:26-16:1, 20:18-21 |

(ECF No. 262 at 2-4.)

3:22-cv-00892-L-JLB

With respect to the Motion for Sanctions, Defendants contend that information in Exhibits 1 and 2 to the Declaration of Tim Horgan-Kobelski in Support of the Motion for Sanctions are privileged attorney-client communications that are "traditionally kept secret" and should be sealed on this basis. (*Id.* at 2.)

Having reviewed and evaluated these materials, the Court finds that Defendants have demonstrated good cause for sealing, and Plaintiff's First Motion to Seal is **GRANTED in part** as to these materials. All other requests for sealing in Plaintiff's First Motion to Seal are **DENIED**.

### B. Plaintiff's Second Motion to Seal (ECF No. 267)

Because Plaintiff's Motions to Seal are filed only to protect the interests of Defendants, the Court will only address those materials in Plaintiff's Motions to Seal for which Defendants advance arguments in support of sealing.

Defendants advance arguments in support of filing under seal the following materials filed as part of Plaintiff's Reply in support of its Motion for Sanctions. (ECF No. 275.) The exhibits listed (ECF Nos. 269-11, 269-12) are exhibits to the Declaration of Tim Horgan-Kobelski. (ECF No. 269-1)

| Ex. | Description | Category of CMC Rebar Protected Information | Redacted in Part or Sealed in Entirety |
|---|---|---|---|
| 10 | Text messages between M. Galvan and B. Folsom beginning with Bates number CMC_REBAR_0000148438 (ECF No. 269-11) | CMC Rebar F&I Cost and Strategic Bid Information ECF 81-1 ¶¶ 2-4 | Redacted from 10:08:52 message through 13:20:19 message (ECF No. 275) |
| 11 | Chat between CMC Rebar personnel beginning with Bates number CMC_REBAR_0000148441(ECF No. 269-12) | CMC Rebar F&I Cost and Strategic Bid Information ECF 81-1 ¶¶ 2-4 | Redacted at Bates number CMC_REBAR_0000148442 from "We had" through "for Fabrication costs." ECF No. 275 |

3:22-cv-00892-L-JLB

| N/A | Plaintiff's reply in support of its Motion for Sanctions (ECF No. 269) | CMC Rebar F&I Cost and Strategic Bid Information ECF 81-1 ¶¶ 2-4 | Redacted at 6 n.9 from "We had" through "certain jobs." (ECF No. 275) |
|---|---|---|---|

Defendants contend that information in Exhibits 10 and 11 of the reply declaration of Tim Horgan-Kobelski constitutes competitively sensitive financial and cost information for which there are compelling reasons for sealing.  (ECF No. 275 at 2.)  Defendants note that the same information was sealed in prior motions and that the requests are "narrowly tailored."  (*Id.* at 3.)

Having reviewed and evaluated these materials, the Court finds that Defendants have demonstrated good cause for sealing, and Plaintiffs Second Motion to Seal is **GRANTED in part**, as to these materials.  All other requests for sealing in Plaintiff's Second Motion to Seal are **DENIED**.

### C. Defendant's Motion to Seal (ECF 262)

In addition to joining Plaintiff's motions to seal, Defendants move to redact portions of an exhibit attached to their Opposition, namely excerpts from the deposition transcript of Christy Higginbotham.  (ECF. No. 262 at 3-4.) The deposition transcript is attached as Exhibit 2 (ECF No.  261-1 at 52-227), to the declaration of Andrew Figueiredo in support of Defendants Opposition to Plaintiff's Motion for Sanctions (ECF No. 261-1): 49:25-50:5; 57:25-58:25; 150:24-151:15.  (ECF No. 262 at 2-3.)

Having reviewed and evaluated these materials, and for the reasons set forth in section A. above, the Court finds that Defendants have demonstrated good cause for redacting the requested excerpts, and Defendants' Motion to Seal is **GRANTED**.

### III.   CONCLUSION AND DIRECTIONS

The Clerk of Court shall file under seal the following unredacted documents: ECF Nos. 256, 257-2 (Exhibit 1), 257-3 (Exhibit 2), 263, 268, 269-11 (Exhibit 10), 269-12 (Exhibit 11).  Plaintiff is ordered to prepare amended versions of the following documents / / /

with redactions consistent with this order and file the amended versions on the docket by April 30, 2026: ECF Nos. 257, 257-3, 269, 269-11, and 269-12.

**IT IS SO ORDERED.**

Dated:  April 15, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

3:22-cv-00892-L-JLB