UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>                              Plaintiff,<br><br>v.<br><br>CMC FABRICATORS, INC. dba CMC REBAR, et al.,<br><br>                              Defendants. | Case No.:  3:22-cv-00892-L-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO FILE MATERIALS UNDER SEAL**<br><br>**[ECF Nos. 290, 295, and 298]** |

Before the Court are two motions (ECF Nos. 290, 298) filed by Plaintiff Pacific Steel Group ("Plaintiff"), seeking to file under seal certain documents in connection with Plaintiff's Motion to Strike Defendants' Late Disclosure of Paul Lawrence ("Motion to Strike"). (ECF No. 292).[1] Defendants CMC Steel Fabricators, Inc. dba CMC Rebar, CMC Steel US, LLC, and CMC Rebar West ("Defendants") joined in part, in certain aspects of both of Plaintiff's Motions to Seal. (ECF Nos. 295, 303.)  Additionally, Defendants seek

---

[1] The Motion to Seal docketed at ECF No. 290 will be referred to as "Plaintiff's First Motion to Seal."  The Motion to Seal docketed at ECF No. 298 will be referred to as "Plaintiff's Second Motion to Seal." These two motions will be referred to collectively as "Plaintiff's Motions to Seal."

1

leave to file under seal, portions of materials attached to their Opposition to Plaintiff's Motion to Strike the Disclosure of Paul Lawrence.  (ECF. No 295.)

For the reasons set forth below, Plaintiff's Motions to Seal (ECF Nos. 290, 298) are **GRANTED IN PART** and **DENIED IN PART**.[2] Defendants' Requests to Seal, contained within their Joinder to Plaintiff's Motion to Seal are **GRANTED IN PART** and **DENIED IN PART** (ECF No. 295).

## I. ANALYSIS

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access.  *See Nia v. Bank of Am.,* No. 21-cv-1799-BAS-BGS, 2024 WL 171659, at *1 (S.D. Cal. Jan.12, 2024); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  The showing required to meet this burden depends on whether the materials to be sealed are "more than tangentially related to the merits," in which case the "compelling reasons" standard applies.  *See Ctr. for Auto Safety*, 809 F.3d at 1096-98.  When the materials involved do not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id.*  In *Center for Auto Safety*, the Ninth Circuit held that sealed materials attached to a discovery motion are unrelated to the merits of the case, making application of the "good cause" standard appropriate.  *Id.* at 1097.  Therefore, the parties' requests to file under seal the designated materials for the purpose of this Motion for Sanctions, a discovery motion, are reviewed for good cause.  *Id.*; *see also* Fed. R. Civ. P. 26(c).  However, "neither the parties' agreement that documents shall be filed under seal, nor a party designating documents as confidential, is sufficient to meet the good cause standard." *Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015).

//

---

[2] To the extent any motion is granted, the documents are ordered sealed, not "permanently" sealed as requested by the parties.  Specifically, the decision with respect to the sealing of material in the context of the pending Motion to Strike will not necessarily apply to any future request to file the same material under seal in another context.

3:22-cv-00892-L-JLB

### A.     Plaintiff's First Motion to Seal (ECF No. 290)

Because Plaintiff's First Motion to Seal is filed only to protect the interests of Defendants, the Court will only address those materials in Plaintiff's motions to seal for which Defendants advance arguments in support of sealing.

Defendants advance arguments in support of filing under seal the following materials filed as part of Plaintiff's Motion to Strike.  The exhibits listed are exhibits to the Declaration of Hilary Krase (ECF No. 292-1) filed in support of Plaintiff's Motion to Strike.

| Ex. | Description | Category of CMC Rebar Protected Information | Redacted in Part or Sealed in Entirety |
|---|---|---|---|
| 6 | Excerpts of June 11, 2024, Deposition of Chris Stowers (ECF No. 292-7 at 4:14) | CMC Rebar F&I Financial Information | Sealed at ECF No. 292-7 at 4, line 14 [Deposition page 131:14] |
| N/A | Plaintiff's Motion to Strike (ECF No. 292 at 11, portion of fn 4) | CMC Rebar F&I Financial Information | Sealed at ECF No. 292 at 11, fn 4 line 26 (from sentence with same dollar figure as above in Exhibit 6] |

(ECF No. 295 at 5.)

Defendants contend that one sentence of information in deposition testimony attached as Exhibit 6 constitutes confidential and competitively sensitive F&I financial and strategic information for which there are compelling reasons to seal.  (ECF No. 295 at 3.) Defendants also seek to redact and have filed under seal this same information contained in Plaintiff's Motion to Strike brief.  (ECF No. 292 at 11, fn 4.)  Defendants note that the same information was identified and sealed in Defendants' prior sealing motion and is "narrowly tailored."  (ECF No. 295 at 4.)

Having reviewed and evaluated this testimony, the Court finds that Defendants have demonstrated good cause for sealing portions of Plaintiff's Motion to Strike and accompanying Exhibit 6.  Thus, Plaintiff's First Motion to Seal is **GRANTED in part** as

to these materials.  All other requests for sealing contained within Plaintiff's First Motion to Seal are **DENIED**.

### B.    Plaintiff's Second Motion to Seal (ECF No. 298)

Because Plaintiff's Second Motion to Seal is filed only to protect the interests of Defendants, the Court will only address those materials in Plaintiff's Motion to Seal for which Defendants advance arguments in support of sealing.  Defendants advance arguments to seal all the documents encompassed in Plaintiff's Second Motion to Seal as set forth below.  The exhibits listed are exhibits to the Declaration of Hilary Krause in Support of the Reply. (ECF No. 300-1.)

| Ex. | Description | Category of CMC Rebar Protected Information | Redacted in Part or Sealed in Entirety |
|---|---|---|---|
| 1 | Financial Spreadsheet Bates number CMC_REBAR_0000045079 (ECR No. 300-2) | CMC Rebar Profit & Loss Statements that are competitively sensitive financial information | Sealed in Entirety |
| N/A | Pacific Steel's Reply | References to CMC Rebar Profit & Loss Statements that are competitively sensitive financial information | ECF No. 300 (as filed) page 2, lines 19-20 after "represented that" to end of sentence; page 3, lines 10-12 after "weeks ago that" to end of quote; page 3, lines 27-28, fn 1 after "he discussed" to end of sentence; page 5, line 3 after "position that" to end of sentence; page 5, line 4 after "fact, they" to end of sentence; page 5, line 7 after "statements that" to end of sentence. |

Defendants contend that information in Exhibit 1 constitutes competitively sensitive, highly detailed, and non-public financial information for which there are compelling

3:22-cv-00892-L-JLB

reasons to seal. (ECF No. 303 at 2.) Specifically, the Profit & Loss Statements include information about Defendant CMC Rebar's monthly and annual revenue, costs, tons shipped, and profit margins across multiple years. (*Id.* at 3.) Defendants argue disclosure of this information would permit competitors and customers to use it to unfairly compete against or negotiate with CMC Rebar in the highly competitive California and Western Region F&I market. (*Id.*) Defendants note that the same information was sealed in prior motions and that the requests are "narrowly tailored." (*Id.*)

Having reviewed and evaluated these materials, the Court finds that Defendants have demonstrated good cause for sealing portions of Plaintiff's reply brief and accompanying Exhibit 1. Thus, Plaintiff's Second Motion to Seal is **GRANTED**.

### C. Defendant's Notice of Partial Joinder in [Plaintiff's] Motion for Leave to File Documents Under Seal and Motion for Leave to File Documents Under Seal. (ECF No. 295.)

Rather than file a separate motion, within their Notice of Joinder Defendants requested leave to file under seal: (1) portions of materials attached to their Opposition to Plaintiff's Motion to Strike the Disclosure of Paul Lawrence and (2) information contained within their brief designated by Plaintiff as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel's Eyes Only" by Plaintiff. (ECF No. 295.)

| Ex. | Description | Category of CMC Rebar Protected Information | Sealing Request |
|---|---|---|---|
| 1 | Excerpts of Apr. 12, 2023, Deposition of P. Lawrence | CMC and CMC Rebar F&I Financial Information | Redacted at 87:16-88:7; 98:13-17 |
| 2. | Excerpts of Apr. 24, 2023, Deposition of D. Perkins | N/A | Sealed in entirety |
| 5 | CMC_0000109710 and attachment CMC_0000109711 | CMC and CMC Rebar F&I Financial Information | Sealed in entirety |

3:22-cv-00892-L-JLB

| 7 | Excerpts of June 13, 2024, Deposition of D. Stricklen | | |
|---|---|---|---|
| 16 | Nov. 26, 2025, Ltr from S. Lahlou to C. Wheeler | N/A | Sealed in entirety |
| N/A | Portions of CMC Rebar's Opposition | N/A | Redacted at 2:1- 2:10; 6:11-13 |

Defendants advance arguments in support of filing their Opposition and Exhibits 1 and 5 under seal. Regarding Exhibit 1, Defendants contend that the small amount of Paul Lawrence's deposition testimony it requests to seal in Exhibit 1 "seeks to detail CMC and CMC Rebar's internal pricing formulas." (ECF No. 295 at 3.) Defendants proffer that the same information or similar information was sealed in prior motions and that the requests are "narrowly tailored." (*Id.* at 4.) And Defendants describe Exhibit 5 as "an internal CMC business document containing information including EBITDA breakdowns by specific business line and region, capital spending data, detailed shipping information, and analyses of each business line in each region." (ECF No. 295 at 3.) Defendants note that Exhibit 5 includes an "overwhelming amount" of these categories of information making redactions not feasible. (*Id*. at 5.) Thus, Defendants seek to seal Exhibit 5 in its entirety. (*Id*.)

Having reviewed and evaluated these materials, the Court finds that Defendants have demonstrated good cause for sealing portions of their Opposition and its accompanying Exhibits 1 and 5. Thus, with respect to these materials, the Court **GRANTS** the request.

As to Exhibits 2 and 16, Defendants have sought to seal these two documents simply because Plaintiff has designated that as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel's Eyes Only" by Plaintiff. (ECF No. 295.) This is not sufficient to justify sealing, and Plaintiff has not presented this Court with any arguments in support of sealing Exhibits 2 and 16. Accordingly, the Court **DENIES** without prejudice Defendants' request to file these exhibits under seal.

6

3:22-cv-00892-L-JLB

As to Exhibit 7, no argument has been presented as to why this document should be filed under seal.  Accordingly, the Court **DENIES** Defendants' request to file this exhibit under seal.

## II.   CONCLUSION

In accordance with the foregoing the Court ORDERS as follows:

1. With respect to Plaintiff's first motion, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to File Under Seal.  The Clerk of Court shall file under seal the following documents: ECF Nos. 291 and 291-4 (Ex. 6.)  Plaintiff shall file unredacted versions of the following documents on the public docket by **May 5, 2026**: ECF Nos. 291-1 (Ex 1), 291-2 (Ex. 2), 291-3 (Ex 5), 291-5 (Ex. 7), and 291-6 (Ex. 9).

2. With respect to Plaintiff's second motion, the Court **GRANTS** Plaintiff's Motion for Leave to File Under Seal.  (ECF No. 298.)  The Clerk of Court shall file under seal the following documents: ECF Nos. 299 and 299-1 (Ex. 1).

3. With respect to Defendants' request to seal, the Court **GRANTS IN PART** and **DENIES IN PART** without prejudice Defendants' request.  (ECF No. 295.)  The Clerk of Court shall file under sealing the following documents: ECF Nos. 296, 296-1 (Ex. 1) and 296-3 (Ex 5).  Plaintiff has until **May 5, 2026**, to demonstrate that Exhibits 2 (ECF. No. 296-2) and 16 (ECF No. 296-5) should be filed under seal.  If Plaintiff chooses not to provide the Court with the necessary showing of good cause, then unredacted versions of the documents must be filed on the public docket by **May 5, 2026**. Defendants

///

///

///

///

///

3:22-cv-00892-L-JLB

shall file an unredacted version of the following document on the public docket by **May 5, 2026**: ECF. No. 296-4 (Ex. 7).

**IT IS SO ORDERED.**

Dated:  April 28, 2026

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

3:22-cv-00892-L-JLB