UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>                                    Plaintiff,<br><br>v.<br><br>CMC FABRICATORS, INC. dba CMC REBAR, et al.,<br><br>                                    Defendants. | Case No.:  3:22-cv-00892-L-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' LATE DISCLOSURE OF PAUL LAWRENCE**<br><br>**[ECF No. 292]** |

Before the Court is Plaintiff's Motion to Strike Defendants' Late Disclosure of Paul Lawrence.  The motion arises from Defendants' disclosure of Mr. Lawrence almost a year after the close of fact discovery.  Plaintiff seeks sanctions for Defendants' failure to disclose earlier, in the form of striking this late disclosure, under Federal Rule of Civil Procedure 37.  For the reasons set forth below, Plaintiff's Motion to Strike is **DENIED**.

## I.      BACKGROUND

On June 17, 2022, Plaintiff brought suit in San Diego Superior Court of the State of California against Defendants for damages and injunctive relief for violations of the California Unfair Practices Act, California Business and Profession Code sections 17043.

1

17044 and 17200, et seq. (ECF No. 1-3.2[1]) Defendants promptly removed the action to this Court. (ECF No. 1.) Plaintiff claims that between October 31, 2017, and December 31, 2022, Defendants, who are its competitors in the steel rebar furnishing and installation ("F&I") market, sold F&I services below cost, and those below-cost services functioned as loss leaders in California, injuring competitors and destroying competition. (*See generally* ECF No. 11.)

Plaintiff initially filed suit in the Northern District of California, *Pacific Steel Group v. Commercial Metals Company, et al.*, United States District Court for the Northern District of California, Case No. 20-cv-07683-HSG ("Northern California Action"). The Northern California Action proceeded to trial against Defendant Commercial Metals Company ("CMC"). CMC is not a defendant in this matter but is a related entity. The parties have agreed that documents produced in the Northern California Action will be treated as if produced in this action. (ECF No. 294 at 8.) Fact discovery closed on July 26, 2024, (ECF No. 62 at 2) and the expert discovery/deposition cutoff date was November 12, 2024 (ECF No. 75 at 2).

On June 25, 2024, Defendants served Supplemental Disclosures. (ECF No. 292 at 7.)

On June 16, 2025, Defendants provided their Second Supplemental Disclosures. In these disclosures, Defendants, for the first time, identified Mr. Lawrence, Senior Vice President and CFO of parent company CMC, as an individual "who may have information that Defendants may use to support their defenses." ECF No. 292-5 at 3. As to the "subject of information" of Mr. Lawrence's testimony, Defendants specified two topics, neither of which had been topics of information previously identified for any witnesses: (1)

---

[1] On April 26, 2022, the Northern District of California court, asserting lack of supplement jurisdiction, declined to rule on Plaintiff's state law claims and dismissed those claims without prejudice. (ECF No. 257 at 8-9.)

Defendants' financial statements and financial results; and (2) the relationship between CMC Rebar and the broader CMC enterprise. (ECF No. 292 at 7; ECF No. 292-5 at 6.)

Following the service of Defendants' Second Supplemental Disclosures, Plaintiff requested that Defendants produce Mr. Lawerence for a deposition and produce relevant documents. (ECF No. 292 at 7-8.) The parties met and conferred. [2] (*Id.* at 8.) Eventually, Defendants agreed to produce Mr. Lawrence for deposition but refused to produce any custodial documents for him. (*Id.*)

Following resolution of other discovery issues regarding Defendants' Second Supplemental Disclosures, Plaintiff brought the present motion on December 3, 2025. (ECF Nos. 292, 326.) Defendants duly responded (ECF Nos. 294, 327) and Plaintiff replied (ECF No. 300, 328). Relying on Defendants' earlier disclosures, Plaintiff had not deposed Mr. Lawrence or moved to compel production of his custodial documents.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a)(3)(A), parties are required to disclose the identity of each witness and each document or other exhibit it intends to present at trial. If a party fails to comply with these disclosure obligations, the party is not allowed to use the witness or exhibit at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly Ltd. V. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106-07 (9th Cir. 2001) ("Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."). "Even if the failure was not substantially justified, a party should be allowed to use the material that was not disclosed

---

[2] Defendants attach meet and confer correspondence of the parties, rather than declaration testimony, in violation of this Court's Civil Chambers Rules. However, Plaintiff also fails to provide evidence to support the statements in its briefs about the parties' meet and confer process.

3:22-cv-00892-L-JLB

if the lack of earlier notice was harmless." Fed. R. Civ. P. 37, 2000 Amendment advisory committee's notes.

The party failing to comply with Rule 26(a) has the burden to demonstrate substantial justification or harmlessness. *Torres v. City of L.A.,* 548 F.3d 1197, 1213 (9th Cir. 2008). District courts have wide discretion in determining the sanction to be issued under Rule 37(c)(1). *See Yeti,* 259 at 1106-07. "To that end, district courts have identified several factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur,* 41 F.4th 1185, 1191-92 (9th Cir. 2022).

## III.   DISCUSSION

Plaintiff maintains that: (1) the late disclosure is not harmless; and (2) reopening fact discovery would prejudice it because it prepared its case in reliance on the 30(b)(6) testimony of Defendants that "there are no financials that we put together for [the relationship between CMC Rebar and the broader CMC enterprise]." (ECF No. 292 at 6.) In support of its motion, Plaintiff notes that it relied on Defendants' disclosures and did not depose Mr. Lawrence or move to compel production of his custodial documents. Further, Plaintiff argues that Defendants' refusal to supplement its production with custodial documents that it could use to examine Mr. Lawrence on the disclosed topics places Plaintiff at a disadvantage and makes deposing Mr. Lawrence futile. (*Id.* at 8.) Finally, Plaintiff contends that its motion is timely.

In opposition, Defendants maintain that it was not required to supplement its disclosure at all because "indisputable evidence establishes that [Plaintiff] was aware of Paul Lawrence, his role, and his knowledge of the disclosed topics years before discovery in this case." ECF No. 294 at 2. Defendants assert that Plaintiff was not harmed by the late disclosure because Defendants offered to produce Mr. Lawrence for deposition. Further, Defendants argue that the motion should be denied as untimely. Despite the offer

3:22-cv-00892-L-JLB

to make Mr. Lawrence available for a full deposition, Plaintiff waited until the parties were in the midst of pretrial disclosures to file its motion in an apparent attempt to prevent Mr. Lawrence from offering salient testimony at trial. (*Id.*)

The Court will begin by discussing the timeliness of Plaintiff's motion before considering if Defendants have met their burden of demonstrating that the late disclosure was either substantially justified or harmless.

### a. Plaintiff's Motion is not Timely

Before turning to the substantive arguments regarding the Motion to Strike, the Court first addresses the issue of the timeliness of Plaintiff's motion.

Civil Local Rule 26.1.a. provides: "[t]he Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel have previously met and conferred concerning all disputed issues."  And this Court's Civil Chambers Rules state: "No later than 30 calendar days after the date upon which the event giving rise to the discovery dispute occurred (*see* § V.E), if the parties have been unable to resolve their dispute through the meet and confer process, the parties shall . . . lodge a joint discovery statement with the Court. . . ."  J. Burkhardt Civ. Chambers R. V.B.1 (emphasis deleted).  Here, the parties agree that they met and conferred regarding the disclosure of Mr. Lawrence and the two new topics but disagree as to whether the issue currently before the Court complies with its other requirements.

Plaintiff claims that the current motion is timely.  In support, Plaintiff points to its efforts to resolve the dispute before bringing the issue to the Court.  (ECF No. 292 at 14.) Plaintiff maintains that it should not be penalized for attempting to resolve all of the discovery disputes regarding Defendants' second supplemental disclosures rather than prematurely moving to strike.  (ECF. No. 300 at 6.)  And Plaintiff argues that the 30-day discovery dispute deadline contained in Section V.B of this Court's Civil Chambers Rules does not apply here as discovery has been closed for nearly a year and Section V.E does not expressly address how to calculate when a dispute related to late disclosures arises. (ECF No. 292 at 14.)

3:22-cv-00892-L-JLB

In opposition Defendants contend that Plaintiff's motion is untimely and not compliant with the Court's Chambers Rules. (ECF No. 294 at 5.) In their view, "the event giving rise to the discovery dispute occurred in June 2025, [and] at a minimum, [Plaintiff] should have commenced the formal discovery dispute process within 30 days of the case being reassigned to this Court on August 27, [2025]." *Id.* at 6.

While Plaintiff's argument is not without some merit, the Court considers Plaintiff's motion to be untimely. Although the Court's Chambers Rules do not expressly define how to measure when a dispute over late disclosures arises, the 30-day deadline applies to all discovery disputes, and this is a discovery dispute. The 30-day clock began to run on the date of the late disclosure. Assuming generously that the time for raising the dispute had not already run under Judge Butcher's chambers rules and that the clock restarted when the case was transferred to the undersigned on August 27, 2025, the time to raise a pending discovery dispute ran **at the latest** 30 days after that. Instead, Plaintiff waited until October 10, 2025, to file this motion. This delay resulted in a violation of the Court's Chambers Rules and is enough, standing alone, to deny the motion. *Lockett v. Cnty. of L.A.,* No. CV 18-5838 DSF (JPRx), 2021 WL 3602866, at *1 (C.D. Cal. June 9, 2021) (denying motion to strike disclosures where movants "sat on this issue for months before bringing their motion."); *Krause v. Hawaiian Airlines, Inc.,* No. 2:18-cv-00929 JAM AC, 2019 WL 13225251, at *5 (E.D. Cal. June 7, 2019) (denying motion to strike late disclosures where movant "unreasonably delayed.").

Notwithstanding this basis for denying the motion, the Court addresses the merits of the motion.

### b. Late Disclosure of Mr. Lawrence was not Substantially Justified

With respect to substantial justification, Plaintiff argues that Defendants have not even attempted to explain why they waited a year after the close of fact discovery to disclose Mr. Lawrence. (ECF No. 292 at 10-11.) Plaintiff contends that Defendants previously provided it with two competing explanations as to why the late disclosure was made. Plaintiff posits that neither justification makes sense. (*Id*.) Thus, Plaintiff maintains

3:22-cv-00892-L-JLB

that Defendants have not come close to meeting their burden to establish that the late disclosure of Mr. Lawrence was substantially justified. Plaintiff, therefore, argues that the late disclosure should be stricken. (ECF No. 292 at 11.)

Rather than setting forth a justification for the late disclosure of Mr. Lawrence, Defendants make a separate argument that they were under no obligation to supplement their initial disclosures as Mr. Lawrence was already known to Plaintiff. Because this argument is tied closely to its harmlessness argument, it will be addressed in the context of discussing prejudice.

As Defendants have not otherwise endeavored to justify their late disclosure, the Court finds that, if the disclosure was required, the lateness of the disclosure was not substantially justified.

### c. *Late Disclosure of Mr. Lawrence was Harmless*

Plaintiff argues that Defendants' two arguments regarding Plaintiff already being on notice of Mr. Lawrence's relevant knowledge lack merit. (ECF No. 292 at 11-14.)

First, Plaintiff asserts that Defendants' position that Plaintiff was put on notice by Mr. Lawrence's deposition testimony in the Northern District Action is misplaced. (*Id.* 11.) Plaintiff maintains that because the downstream fabrication business was not central to, or at issue in, the Northern District Action, it is "not surprising that CMC Rebar failed to identify any documents or testimony regarding the 'relationship between CMC Rebar and the broader CMC enterprise' as it relates to CMC Rebar's California fabrication operations." ECF No. 300 at 4. Second, Plaintiff argues that Mr. Lawrence's position as CFO did not put Plaintiff on notice because CMC has fifty-three fabrication facilities, with only three located in California. (*Id.*) Therefore, general statements Mr. Lawrence made about his role as CFO did not provide Plaintiff with notice that he was specifically knowledgeable about the relationship between *CMC Rebar* and the broader CMC enterprise. *Id.* Finally, Plaintiff argues that it was not put on notice of Mr. Lawrence's knowledge about Defendants' financial statements and financial results because,

throughout this litigation, Defendants' have taken a position that is inconsistent with this disclosure. (*Id*. at 5, ECF No. 292 at 13.)

In contrast, Defendants argue that Mr. Lawrence's role and knowledge was confirmed during his April 12, 2023, deposition in the Northern District Action and from production of over 26,000 of his custodial documents which included discussions related to CMC Rebar's fabrication business in the West Region and California, as well as the relationship between CMC Rebar's fabrication business and the CMC enterprise. (Doc. No. 294 at 3, 6-7.) Therefore, Defendants conclude that they had no obligation to supplement their initial disclosures as. (*Id.* 7.)

Defendants have the persuasive position. First, it cannot be said that Plaintiff was surprised to learn of Mr. Lawrence's existence as his identity and role were known to all. Plaintiff makes no suggestion that it was unable to: (1) ascertain Mr. Lawrence's identity; (2) obtain discovery from Mr. Lawrence; or (3) depose Mr. Lawrence. Indeed, thousands of Mr. Lawrence's custodial documents were produced in this case,[3] and Plaintiff specifically requested that Mr. Lawrence be treated as one of a handful of custodians when searching for documents responsive to Plaintiff's subpoena to CMC in this case. (ECF No. 294-8.) And while Mr. Lawrence's prior testimony did not specifically pertain to the new topics, his testimony regarding his duties as CFO, his understanding of financial reporting and results, and CMC's relationship with CMC Rebar provided Plaintiff with notice that he was knowledgeable on the newly identified topics. *Patton v. Hanassab,* No. 14-CV-1489-AJB-WVG, 2016 WL 6962747, at *4-6 (S.D. Cal. Nov. 29, 2016) (deposition

---

[3] The exact number of custodial documents produced for Mr. Lawrence is unclear Within their briefing papers, Defendants maintain that 26,000 documents from Mr. Lawrence's files were produced in the Northern District Action, which by agreement of the parties, are treated as if produced in this case. (ECF No. 294 at 8.) However, Defendants' have previously represented to the court that it produced over "10,000 custodial documents for Mr. Lawrence in the Northern District Action, and nearly 1,000 financial documents in this case, reflecting CMC's and CMC Rebar's finances, as well as their relationship." ECF No. 291-6 at 11.

3:22-cv-00892-L-JLB

testimony on witness's role sufficient disclosure); *Anigbogu v. Mayorkas*, No. 21-cv-07419-TSH, 2023 WL 8115046, at \*6 (N.D. Cal. Nov. 22, 2023) (finding party had put opposing party on notice of individuals by identifying them in deposition testimony and interrogatory responses).  Mr. Lawrence testified that his responsibilities as CFO include "traditional finance responsibilities, including accounting, tax, financial reporting, financial reporting, financial planning and analysis, internal audits." (ECF No 294-3 at 6.) He further testified that he had responsibility, "along with the entire executive leadership team, around defining and implementing the strategy for Commercial Metals." (*Id*. at 6-7.)  Hundreds of documents within this production are purportedly illustrative of Mr. Lawrence's knowledge on the topics for which he was disclosed.  Based on this evidence of Mr. Lawrence's role and responsibilities, the Court does not credit Plaintiff's assertion that Plaintiff "could not have known that Mr. Lawrence was knowledgeable regarding the relationship" between CMC and Defendants because CMC has 55 subsidiaries. (ECF No. 292 at 12.)

Plaintiff had ample opportunity and incentive to explore whether Mr. Lawrence possessed discoverable information and knowledge related to the claims asserted yet failed to do so.  In sum, Plaintiff's prior knowledge of Mr. Lawrence's identity and role, along with the production of his custodian documents, warrants the conclusion that Plaintiff should have not been surprised by Defendants' disclosure of Mr. Lawrence.  *See Tijerina v. Alaska Airlines, Inc.*, No. 22-CV-203 JLS (BGS), 2023 WL 3997972, at \*6 (S.D. Cal. June 14, 2023) (denying motion to strike where discovery "otherwise disclosed" witnesses not on initial disclosures).  *See also Gonzales v. Lake Havasu City,* 836 F. App'x 554, 555 (9th Cir. 2020) (late disclosure harmless where party had "sufficient pre-disclosure such that the final supplemental disclosure was not unfair," and that party "was put on notice long before the close of discovery that [witness] may have discoverable information."); *Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1237 (E.D. Cal. 2012), aff'd sub nom. *Van Maanen v. Univ. of the Nations, Inc.*, 542 F. App'x 581 (9th Cir. 2013)

3:22-cv-00892-L-JLB

(failure to include witness in disclosures was harmless where "identity, position, location, and the subject of the information" were known).

Plaintiff's reliance on the deposition testimony of Defendants' 30(b)(6) witness that "no financials are put together for [CMC Rebar]" (ECF No. 332-1, at 4), does not change the outcome. The Court notes that Plaintiff's summary regarding the 30(b)(6) witness oversimplifies his testimony. The witness was explaining that CMC bases its financials "off the segmentation [it] reports to the SEC." *Id.* And the witness further clarified that CMC evaluates the business within the divisions of West, Central, Southeast and Northeast and that it would not make sense for CMC to internally report CMC Rebar's financials because such reporting would not provide any insight due to the number of divisions CMC Rebar crosses. (*Id.* at 7.) The decision to probe no further into Mr. Lawrence's knowledge regarding the relationship between CMC and one of its subsidiaries and Defendants' financial statements and financial results, despite production of so many custodian documents, appears to have been tactical. Plaintiff was on adequate notice, by virtue of the position he held as CFO of CMC, that Mr. Lawrence would be knowledgeable on these topics.

Nonetheless, the Court considers possible prejudice to Plaintiff and seeks to strike a balance that serves the goals of promoting transparency and fairness, avoiding undue surprise, respecting judicial and litigant resources, and reaching resolution of disputes on the merits. In seeking to strike Mr. Lawrence's late disclosure, Plaintiff argues that the prejudice Plaintiff suffered by Defendants' late disclosure cannot be cured by reopening discovery. Plaintiff maintains that is has been deprived of the opportunity to depose Mr. Lawrence, to seek production of the documents relevant to the newly identified topics, and to incorporate those documents into its expert analyses. In support of its position, Plaintiff relies on the fact that it "would need to negotiate and potentially litigate production of those documents one month before the pre-trial conference." ECF. No 300 at 5-6. The Court disagrees.

The less drastic remedy of reopening discovery for a limited purpose will adequately serve the interests of the parties, judicial economy, and the ultimate objective of disposing of the case on the merits. While the Court has a need to manage its docket and see that the case proceeds to trial expeditiously, a short extension will not affect any scheduled pretrial dates as they have already been vacated. (*See* ECF No. 308.) And reopening discovery for the limited purpose of taking Mr. Lawrence's deposition and producing documents limited to the topics disclosed for Mr. Lawrence's testimony will not unduly prejudice Plaintiff. Rather, it would remedy any purported prejudice to Plaintiff by giving Plaintiff the opportunity to prepare for cross-examination him, thus avoiding any unnecessary surprises. *See Davis v. Davison Hotel Co., LLC,* No. CV 12-6327 CAS (AJWx), 2013 WL 3337669, at *3 (C.D. Cal. July 1, 2013) (concluding that in the absence of any showing of surprise, prejudice, or other unfairness, "the proper remedy for late disclosure would be to allow plaintiff to take the depositions of these witnesses, not to preclude their testimony entirely."); *Guzik Tech. Enters., Inc. v. W. Dig. Corp., et al.,* No. 5:11-cv-03786-PSG, 2013 WL 6070414, at *7 (N.D. Cal. Nov. 18, 2013) ("the court's goal always is to resolve the case on the merits so long as undue prejudice can be avoided. . . . [A]ny prejudice [from late disclosed witnesses] may be mitigated" with short depositions). Should the deposition testimony and document production of Mr. Lawrence necessitate the revision of Plaintiff's expert reports, Plaintiff may file any necessary and appropriate motions.

In accordance with the foregoing, Defendants have persuasively argued that their late disclosure has been harmless.

## IV.    CONCLUSION

Defendants have demonstrated that the late disclosure was harmless and can be remedied by having Mr. Lawrence sit for deposition. Accordingly, Plaintiff's motion is **DENIED** without prejudice. The Court hereby ORDERS as follows:

3:22-cv-00892-L-JLB

1. Discovery is reopened until 45 days from the date of this order for the limited purpose of conducting the deposition of Mr. Lawrence and production of custodial documents he may have relevant to the topics of his testimony.[4]

**IT IS SO ORDERED.**

Dated:  June 1, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[4]     Plaintiff asserts that:

While CMC Rebar has argued that Mr. Lawrence would testify *not* about Defendants' financials (of which there are none) but about the financials of the "profit centers" (i.e., the financials of the individual fabrication brick and mortar shops), that is not the topic CMC Rebar disclosed. *See* Krase Decl., Ex. 9, Ex. 4 at 4. And that also is not what CMC Rebar said in its proposed witness list. *See* Krase Decl., Ex. 10 ("Paul Lawrence is expected to testify live regarding CMC Rebar's finances and its financial relationship with the broader CMC enterprise.").

ECF No. 292 at 13, n. 6.)  Mr. Lawrence is limited to testifying to the topics actually disclosed.  If, *with the consent of Plaintiff*, Defendants wish to narrow or otherwise modify the identified testimony of Mr. Lawrence, that should be memorialized in an amended disclosure and document requests would be similarly circumscribed.

3:22-cv-00892-L-JLB