UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br>Plaintiff,<br>v.<br>CMC STEEL FABRICATORS, INC, dba CMC REBAR et al.,<br>Defendants. | Case No.: 22-cv-0892-L-JLB<br>**ORDER (1) OVERRULING DEFENDANTS' OBJECTIONS AND (2) DENYING PLAINTIFF'S MOTION TO SEAL**<br>**[ECF Nos. 357, 334, 342]** |

Before the Court is Plaintiff Pacific Steel Group's Motion for Sanctions based on the contention that Defendants destroyed potentially relevant evidence. (ECF No. 257, "Spoliation Mot.").[1] The motion is fully briefed. (*See* ECF Nos. 261, 269,[2] 323, 324).[3] It was referred in part for decision by the Magistrate Judge. (ECF No. 276). The Magistrate Judge issued an Order Granting Plaintiff's Motion for Sanctions Under Federal Rule of Civil Procedure 37(e)(1). (ECF No. 333, "Sanctions Order").

---

[1] The unredacted version of the motion for was filed under seal at ECF No. 256.

[2] The unredacted version of Plaintiff's reply was filed at ECF No. 268.

[3] Per ECF No. 318, the parties filed a sur-reply and a sur-sur reply.

Defendants filed objections. (ECF No. 334, "Obj.") The Objections are fully briefed. (*See* ECF Nos. 339, 340.) The matter is appropriate for decision without oral argument. *See* Civ. L. R. 7.1(d)(1).

After the close of briefing on Defendants' Objections, Plaintiff filed a notice of newly provided testimony in opposition to Defendants' Objections. (ECF No. 342.)[4] Defendants opposed Plaintiff's request to consider the testimony. (ECF No. 345.) The newly provided testimony is not considered herein. Plaintiff's related motion to seal (ECF No. 342) is denied as moot.

For the reasons stated below, Defendants' Objections are overruled. Plaintiff's Spoliation Motion is granted insofar as relief is granted pursuant to the Sanctions Order.

In the balance of the Spoliation Motion, Plaintiff requested a mandatory adverse inference jury instruction or, alternatively, an order allowing Plaintiff to present evidence regarding Defendants' spoliation and an instruction that the jury may consider spoliation of evidence in making their decision. (Spoliation Mot. at ECF p. 2.)[5] Ruling on this request is deferred. If Plaintiff wishes to advance it, Plaintiff must raise the issue at the final pretrial conference. As this issue was fully briefed in the Spoliation Motion, no further briefing will be accepted unless requested by the Court.

## I. BACKGROUND

Plaintiff and Defendants CMC Steel Fabricators, Inc., CMC Rebar West, and CMC Steel US LLC (collectively "Defendants") compete in the steel rebar furnishing and installation ("F&I") market in California. Rebar are steel bars used to reinforce concrete in construction. Rebar companies, including the parties herein, compete for F&I projects by submitting bids to contractors. The contracts for F&I jobs are usually fixed price,

---

[4] The unredacted version of Plaintiff's notice was filed at ECF No. 343.

[5] When filed documents do not include page numbers, the page number assigned by the CM/ECF system is cited instead.

with price as the principal factor in selecting the winning bid. Plaintiff claims that Defendants bid below cost with the purpose of driving Plaintiff out of the market.

This action was preceded by extensive related litigation between the same parties.[6] On October 30, 2020, Plaintiff filed a lawsuit in the Northern District of California, *Pacific Steel Group v. Commercial Metals Co.,* N.D. Cal. Case no. 4:20-cv-07683-HSG ("Northern District Action") alleging antitrust violations based on Defendants' actions to prevent Plaintiff from acquiring a steel mill.[7] The action also included allegations of below-cost bidding, which were dismissed and refiled as this action. Defendants named in this action were named in the Northern District Action, and both sides have been represented by the same counsel in both actions.

On November 2, 2020, Defendants circulated a litigation hold notice in the Northern District Action to preserve potentially relevant information, including electronically stored information ("ESI"). (ECF No. 257-2,[8] "Litigation Hold Notice" or "Notice".) The Notice was circulated to several individuals, including two who oversaw California rebar fabrication at issue in this action, and to Christy Higginbotham, a Senior Systems Engineer. (*See* Notice; ECF No. 257-15, "Higginbotham Decl." ¶¶ 2-4; ECF No. 261-1, Ex. 2, "Higginbotham Dep." at 60.) Ms. Higginbotham's department was responsible for providing IT services to Defendants named in the Northern District Action and in this action. (Higginbotham Decl. ¶ 3.)

This action was filed on June 17, 2022. In December 2023, in discovery proceedings in this action, the parties agreed that fourteen Defendants' current and

---

[6] Prior litigation is outlined in the Order Denying Defendants' Motion to Strike the Declaration of Steven Davis. (ECF No. 243.)

[7] The Northern District Action was tried to a jury, which returned a verdict for Plaintiff. (Northern District Action ECF No. 525.) Defendants' appeal of the verdict is pending. (*Id.* ECF No. 571.)

[8] Filed under seal at ECF No. 256-1.

former employees were custodians likely to possess relevant information. (ECF No. 257-5, "Pl.'s Ex. 4.") Only two of the fourteen agreed custodians were included in the Litigation Hold Notice previously issued in the Northern District Action. (*Cf.* Pl.'s Ex. 4 *with* Notice.) Although litigants have a duty to preserve evidence, *see Silvestri v. General Motors Co*., 271 F.3d 583, 591 (9th Cir. 2001), Defendants did not circulate any litigation hold notice or take any specific measures to preserve ESI for purposes of this action, but continued to follow their standard ESI policies and practices.

It is undisputed that some of Defendants' ESI was destroyed and cannot be restored. All text messages of former employees were deleted pursuant to Defendants' standard ESI policy and practice of wiping and recycling cell phones after employee departure without preserving any stored information. Eleven of the agreed custodians are former employees. (ECF No. 257-4, "Pl.'s Ex. 3" (list of agreed custodians and their departure dates).) Current employee custodians could delete text messages from their company-issued cell phones, as they had not been instructed otherwise.

Information saved on former employees' laptops and/or related OneDrive cloud storage[9] was deleted pursuant to Defendants' standard ESI policy and practice of wiping and recycling laptops after employee departure, without preserving any information stored thereon. Only information the departing employees saved on company servers was not lost. Current employee custodians could delete information from their laptops because they had not been instructed otherwise.

The foregoing came to light after two years of Defendants' failure to produce relevant documents which were known to exist. (*See* ECF No. 167, "Cost Shifting Order" at 7-8; *see also* minute orders at ECF Nos. 187 and 209; *see also* ECF No. 242,

---

[9] Individual laptops were synchronized with their individual OneDrive backup accounts, so that each employee's OneDrive was a "mirror" of the information stored on the laptop. (Higginbotham Dep. at 74.) Discussion herein of information stored on employee laptops also applies to the OneDrive backup accounts.

"Discovery Enforcement Order" at 3, 6.) Related discovery disputes led to an order to produce persons most knowledgeable ("PMK") for deposition regarding Defendants' data retention and destruction. (ECF No. 192, "6/10/25 Tr." at 3-4, 39; *see also* ECF Nos. 187, 208, 209.) Pursuant to this order, Defendants produced Ms. Higginbotham and Adam Raines as their PMKs.

Following PMK depositions, Plaintiff filed the Spoliation Motion under Federal Rule of Civil Procedure 37(e). Plaintiff requested the following relief:

> (1) a mandatory adverse inference instruction or, alternatively, an order that [Plaintiff] may present evidence to the jury regarding [Defendants'] admitted spoliation and that the jury may consider that evidence in making its decision; … (2) monetary sanctions[; and (3)] an order directing Defendants to stop spoliating evidence and to take reasonable steps to preserve potentially relevant evidence.

(Spoliation Mot. at ECF p. 2.)

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Spoliation Motion was referred for decision to Magistrate Judge Jill L. Burkhardt, except that any relief requested under item (1) was reserved to the District Judge. (*See* ECF No. 276.) The Magistrate Judge granted Plaintiff's motion under Rule 37(e)(1)[10] insofar as Plaintiff requested monetary relief and an order to cease spoliation.

The Magistrate Judge rejected Defendants' argument that, based on the contention that they had no notice that cell phones and laptops contained potentially relevant information, they had no duty to preserve. (Sanctions Order at 6-9.) Accordingly, she found that Defendants should have taken reasonable steps to preserve custodians' text messages and laptop information. (*Id.* at 9.) She further found that backing up former employees' cell phones and laptops and notifying current employee custodians of their duty to preserve would have been reasonable to preserve potentially relevant ESI. (*Id.* at

---

[10] All references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

12.) Because Defendants did not take reasonable steps but continued their standard practice of wiping and recycling cell phones and laptops without backup, the Magistrate Judge found that they failed to comply with their duty to preserve, which resulted in destruction of potentially relevant ESI. (*Id.* at 9-12.) Defendants did not dispute that the ESI at issue cannot be restored or replaced through additional discovery. (*Id.* at 13.) The Magistrate Judge also concluded that Plaintiff was prejudiced by Defendants' spoliation. (*Id.* at 14.)

Based on the foregoing, the Magistrate Judge granted Plaintiff's request under Rule 37(e)(1) insofar as Plaintiff was granted attorneys' fees and costs incurred in the preparation of the Spoliation Motion, as well in preparing for and conducting the PMK depositions. (*Id.* at 15.) Finally, the Magistrate Judge ordered Defendants to cease spoliation of the ESI whose loss could still be prevented. (Sanctions Order at 15, 16-17.)

## II. DISCUSSION

Defendants filed Objections claiming that the Magistrate Judge's findings and conclusions were erroneous. "A judge of the court may reconsider any pretrial matter under [28 U.S.C. § 636(b)(1)(A)] where it has been shown that that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. Proc. 72(a). For the reasons stated below, Defendants' Objections are overruled.

Rule 37(e) governs sanctions for a litigant's failure to preserve ESI:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of information, may order measures no greater than necessary to cure the prejudice[.]

Fed. R. Civ. Proc. 37(e)(1). This Rule sets forth a general authority to impose remedial sanctions upon a finding of prejudice to another party from the loss of information.

*Gregory v. State of Montana*, 118 F.4th 1069, 1078 (9th Cir. 2024). Such sanctions must be no greater than necessary to cure prejudice. *Id*.

Four requirements must be met to impose sanctions: (1) the information qualifies as ESI; (2) the information "should have been preserved in the anticipation or conduct of litigation;" (3) a party failed to take reasonable steps to preserve the information; and (4) the information "cannot be restored or replaced through additional discovery." *Gregory*, 118 F.4th at 1078.[11] If these requirements are met, the court must make a further finding of prejudice. *Id*.

It is undisputed that text messages and information saved on laptops are ESI for purposes of Rule 37(e), that any duty to preserve ESI arose in or about October 2020, when Plaintiff filed the Northern District Action, and that the destroyed text messages and laptop information cannot be restored or replaced through additional discovery.

### A. Duty to Preserve

Defendants argue the Magistrate Judge erroneously found that they had a duty to preserve custodian text messages and laptop information. They claim they had no reason to believe that relevant information could be found there. Destruction of information amounts to spoliation if the party had "some notice" before the documents were destroyed that the documents were "potentially relevant to the litigation." *United States v. Kitsap Physicians Service,* 314 F.3d 995, 1001 (9th Cir. 2002) ("*Kitsap*"); *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir. 2009). Plaintiff has the burden of establishing that Defendants destroyed documents and had the requisite notice. *See Ryan v. Editions Limited West, Inc.,* 786 F.3d 754, 766 (9th Cir. 2015.) A "party does not [spoliate evidence] when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of its business." *$40,955.00 in U.S. Currency*, 554 F.3d at 758.

---

[11] Unless noted otherwise, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

1. Text Messages

Custodians' text messages were potentially relevant to Plaintiff's proof of Defendants' animus. Animus is an element of Plaintiff's claim under California Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17043 and 17044. *See San Francisco Print Media Co. v. The Hearst Corp.,* 44 Cal. App. 5th 952, 957 (2020); *see* also discussion at ECF No. 244, "MSJ Order" at 4-6. Plaintiff claims that Defendants bid at a loss to underbid Plaintiff with intent to drive Plaintiff out of the market. The gravamen of the claim is the purpose underlying the anticompetitive act. *Bay Guardian Co. v. New Times Media LLC*, 187 Cal. App. 4th 438, 456 (2010). The law places a "conspicuous focus … upon the mental state of defendants' purpose." *Id.*, 187 Cal. App. 4th at 459. The subject of text messages and their relevance to Defendants' animus was discussed between the parties in discovery. (*See* ECF Nos. 257-5, 257-8 and 257-9 (Pl.'s Exs. 4, 7, 8, respectively).) Nevertheless, Defendants continued to follow their standard practice and procedure of wiping departing custodians' cell phones and did not instruct current employee custodians to refrain from deleting text messages.

Defendants argue that they were not on notice of potential relevance of text messages because the CMC Mobile Device Management System prohibits employees from using their company-issued cell phones for text messaging. (Obj. at 9; *see also id.* at 4 & n.5; ECF No. 340, "Obj. Reply" at 2.) They rely on the Employee Handbook. (ECF No. 261-1 at 231-350, "Employee Handbook.")[12] However, neither the handbook's Mobile Device Management System section (Employee Handbook at ECF p. 338-39) nor its other provisions addressing mobile devices prohibit text messaging. Ms.

/ / / / /

[12] Defendants' employees were subject to CMC employment policies as well as CMC policies and practices relating to the use and preservation of ESI. (Employee Handbook at ECF p. 234, 258 ("Commercial Metals Company and its subsidiaries"); Higginbotham Decl. ¶ 3; Higginbotham Dep. at 45.)

Higginbotham confirmed that Defendants did not prohibit texting. (Higginbotham Dep. at 109.)

Contrary to Defendants' argument, the Employee Handbook operates on the assumption that employees use their company-issued cell phones for texting. (*See, e.g.,* Employee Handbook at ECF p. 258-60 (Mobile Phone Policy).) Consistently, employee text messages are referenced in emails relating to specific F&I jobs. (*See, e.g.,* ECF Nos. 269-5 through 269-7, Pl.'s Reply Exs. 4-6.)[13] Business-related text messages from company-issued phones were produced in the Northern District Action (*see* ECF No. 269-10, Pl.'s Reply Ex. 9;[14] *see also* Obj. at 13; ECF No. 339, Pl.'s Opp'n at 8 (explaining the source was the Northern District Action)) and in this action (*see, e.g.,* ECF No. 269-11, Pl.'s Reply Ex. 10;[15] *see also* Obj. at 13-14 (acknowledging it is a business-related text message involving an agreed custodian).)

Defendants further claim they were not on notice because only a few relevant text messages were located. It is undisputed that Defendants did not circulate a litigation hold notice for this action, they continued to wipe cell phones of departing employees, the great majority (eleven out of fourteen) agreed custodians were former employees (Pl.'s Ex. 3), their cell phones were not backed up before they were wiped, and agreed custodians who were still employed were not instructed to preserve text messages. It is therefore not surprising that Defendants produced only very few text messages. The scarcity of production does not undermine the Sanctions Order.

Finally, Defendants argue that none of the text messages are relevant because they are "likely non-substantive[,]" "often ministerial[,]" and "in short, none of the custodians' texts are relevant." (Obj. Reply at 5.) It is not Plaintiff's burden to establish relevance of

---

[13] These exhibits were filed under seal at ECF Nos. 268-3 through 268-5.

[14] Filed under seal at ECF No. 268-6.

[15] Filed under seal at ECF No. 322-1.

the text messages Defendants had destroyed. All Plaintiff needs to show is that the text messages were "*potentially* relevant." *Kitsap*, 314 F.3d at 1001 (emph. added). The evidence of business-related text messages is sufficient to show their potential relevance to Plaintiff's case. "Moreover, because the relevance of destroyed documents cannot be clearly ascertained because the documents no longer exist, a party can hardly assert any presumption of irrelevance as to the destroyed documents." *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 959 (9th Cir. 2006).

Defendants have provided insufficient evidence to controvert Plaintiff's showing that Defendants were on notice that text messages were potentially relevant to Plaintiff's case. Accordingly, the Magistrate Judge's conclusion that Defendants had a duty to preserve text messages was neither clearly erroneous nor contrary to law.

2. Laptops and OneDrive Accounts

Defendants' argument that they had no reason to believe relevant information could be found on laptops is based on the contention that they had a policy in the Employee Handbook requiring employees to store documents on servers rather than on laptops. Defendants' Information Technology Security and Acceptable Use Policy provided in pertinent part: "CMC recommends that all CMC data be stored using network or cloud storage and not on the hard drive of a CMC-issued computer. [¶] You may not store any CMC confidential or sensitive data locally on a CMC-issued device." (Employee Handbook at ECF p. 329, 336.) The policy does not prohibit all work documents from being stored on laptops. (*See* Higginbotham Dep. at 141; *see also id.* at 35-36, 95 (Information saved on laptops is employees' "working space.").) Consistently, the reason laptops were synchronized with their corresponding OneDrive accounts is that laptops contained work documents. (*Id*. at 141.) The policy of saving work to servers applied to those documents multiple employees needed to access for their work. (*Id.* at

/ / / / /

97-98; *see also* ECF No. 257, "2025 Raines Dep." at 152.)[16] Defendants' policy does not support their claim that employees were not allowed to store documents on laptops.

The information Plaintiff sought from custodian laptops relates to the issue whether Defendants bid below cost. Plaintiff requested production of pricing template documents in August 2023. (*See* Cost Shifting Order at 6.) Pricing templates are standard industry pricing forms prepared in support of bids for F&I jobs. They are material to Plaintiff's case because experts rely on them to opine on the issue of Defendants' below-cost bidding. (*See, e.g.,* Cost Shifting Order at 8, 10-11.) Below-cost bidding is an element of Plaintiff's case. *See* Cal. Bus. & Prof. Code §§ 17043, 17044; *San Francisco Print Media Co.,* 44 Cal. App. 5th at 957; *see* also discussion in MSJ Order at 4-6. Defendants admitted that some pricing templates may be located on F&I sales personnel laptops rather than on servers. (*See* Cost Shifting Order at 11; *see also* ECF No. 144-7 (attorney email exchange); ECF No. 115-1, "2025 Raines Decl." ¶¶ 8-9 (not all pricing templates were saved to servers).)

In December 2024, Plaintiff filed a motion to shift expert costs (ECF No. 101, "Cost Shifting Mot.") based on Defendants' failure to produce pricing templates which were known to exist. (*See* discussion in Cost Shifting Order at 7-9.) Plaintiff requested the Court to order Defendants to search laptops for those documents. (*Id.* at 3.) At the hearing, the Magistrate Judge suggested Defendants search a limited number of laptops and instructed that "if more than one or two templates are located on those computers, then likely additional searches of additional computers would be appropriate." (*Id.* at 12 (quoting ECF No. 157, "2/28/25 Tr." at 34).) During this Court-mandated search, Defendants found eight pricing templates. (ECF No. 158, "Status Report" at 8-9; *see also id.* at 10.) Defendants admitted that they could not search former employee laptops. (*Id.* at 9.) Eleven agreed custodians left employment, eight of them *after* Plaintiff first

---

[16] Filed under seal at ECF No. 256-3.

asserted the below-cost bidding claim in litigation. (Pl.'s Ex. 3; *see also* Status Report at 9; *see also id.* at 3, 11-12.) Still having found eight pricing templates, Defendants were on notice that potentially relevant documents were located on laptops. (*See* 2025 Raines Decl. ¶¶ 3, 24.)

Defendants further argue they were not on notice because the vast majority of pricing templates they produced were found on servers and the eight pricing template documents they found were not relevant. These arguments are unpersuasive first because it appears that Defendants did not perform laptop search for pricing templates as ordered (*see* 2025 Raines Dep. at 148-49), and second, the arguments are unpersuasive for the same reasons they were unpersuasive on the issue of duty to preserve text messages.

Defendants also maintain that the eight pricing templates they located in their search were not pricing templates but "preliminary budgets," and that such documents must be irrelevant because Plaintiff has not included them in their exhibit list. The Court is not persuaded. Although pricing templates are indisputably relevant to Plaintiff's case, so are other documents shedding light on Defendants' costs. (*See* discussion in MSJ Order at 7.) How much Defendants budgeted for F&I jobs is potentially relevant to Plaintiff's case.

Defendants proffered insufficient evidence to controvert Plaintiff's showing that Defendants were on notice of potentially relevant information stored on laptops. The Magistrate Judge's finding that Defendants had a duty to preserve information stored on laptops is neither clearly erroneous nor contrary to law.

**B. Reasonable Steps to Preserve**

Based on the contention that they had no notice that potentially relevant information was located on cell phones and laptops, Defendants argue that they took reasonable steps to preserve potentially relevant ESI because they preserved documents

/ / / / /

saved to servers.[17] This argument is rejected for the same reasons as the argument that Defendants were not on notice. Defendants do not dispute that it would have been relatively easy and not unreasonable to back up cell phones and laptops of departing custodians, and to direct current employee custodians to refrain from deleting text messages and information stored on their laptops. Accordingly, the Magistrate Judge's finding that Defendants failed to take reasonable steps to preserve potentially relevant ESI is neither clearly erroneous nor contrary to law.

**C. Prejudice to Plaintiff**

"The prejudice inquiry looks to whether the spoiling party's actions impaired the non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of the case." *Leon*, 464 F.3d at 959. Rule 37(e)(1) "leaves judges with discretion to determine how best to assess prejudice in particular cases." Fed. R. Civ. Proc. 37(e)(1), Advisory Committee Notes to the 2015 Amendment.[18]

Defendants do not dispute that information deleted from cell phones and laptops can no longer be restored. Instead, they argue that they should not be sanctioned because the destroyed information was irrelevant and/or cumulative of the information they had produced. Defendants' irrelevancy argument is addressed and rejected in Section A. above.

Defendants' contention that Plaintiff already obtained animus evidence with the text messages provided by Steven Davis from his personal cell phone is unavailing to undermine the Sanctions Order. Mr. Davis was Defendants' former employee and an adverse witness. Plaintiffs used this evidence to oppose Defendants' summary judgment

---

[17] Data stored on servers was preserved under Defendants' standard practices and policies. (*See* Higginbotham Dep. at 35, 37, 75, 158-59.)

[18] "[T]he Advisory Committee Notes provide a reliable source of insight into the meaning of a rule, especially when … the rule was enacted precisely as the Advisory Committee proposed." *Gregory*, 115 F.4th at 1079 n.5.

motion. (*See* MSJ Order at 8-9.) The fact that Plaintiff was able to secure some evidence of Defendants' animus from a third party does not excuse Defendants' destruction of other relevant evidence. *See Jones*, 95 F.4th at 736 ("[P]roduction of some evidence does not excuse destruction of other relevant evidence."). Moreover, Mr. Davis unexpectedly passed away in the course of this action. (*See* ECF No. 243, Order Denying Defendants' Motion to Strike the Declaration of Steven Davis.) This places additional importance on text messages Plaintiffs sought from Defendants.

Based on the foregoing, Defendants have not controverted Plaintiff's showing that Defendants' destruction of ESI found on cell phones and laptops prejudiced Plaintiff's ability to present its case. The Magistrate Judge's finding of prejudice is therefore neither clearly erroneous nor contrary to law.

**D. Sanctions No Greater Than Necessary to Cure Prejudice**

Rule 37(e)(1) allows for sanctions "no greater than necessary to cure the prejudice." Fed. R. Civ. Proc. 37(e)(1). The Magistrate Judge ordered Defendants to pay Plaintiff's attorneys' fees and costs incurred for preparing the Spoliation Motion and the two PMK depositions. (Sanctions Order at 15.) The Magistrate Judge also ordered Defendants to cease spoliation by disseminating a litigation hold notice and halting their practice of wiping cell phones, laptops, and OneDrive accounts of custodians leaving employment. (*Id*. at 16-17.)

Defendants object only insofar as the Magistrate Judge ordered them to cover Plaintiff's costs of preparing and conducting the PMK depositions based on "Defendants' lack of forthrightness regarding [their] routine destruction of ESI[.]" (Sanctions Order at 15.) They argue that the sanction is excessive because the PMK depositions did not reveal any information that Defendants had not previously disclosed. The Court is not persuaded.

The record of discovery disputes in this action is replete with evidence supporting the Magistrate Judge's finding. (*See, e.g.* Cost Shifting Order; Discovery Enforcement Order; 6/10/25 Tr.; *see also* ECF Nos. 165, 187, 193, 202, 205, 207, 208, 209.)

Moreover, Defendants raised the same arguments when they opposed Plaintiff's motion for PMK depositions. (6/10/25 Tr. at 5.) After hearing the parties, the Magistrate Judge rejected Defendants' arguments and ordered PMK deposition because Plaintiff was entitled to answers regarding spoliation of evidence. (*Id.* at 39 (incorporating tentative ruling found at 3-4); *see also* ECF Nos. 187, 208, 209.)

The PMK depositions revealed at least two salient points. First, after the filing of this action, unlike after the filing of the Northern District Action, Defendants did not issue a litigation hold notice and took no steps to preserve agreed custodians' text messages and laptop information. (*See* Higginbotham Dep. at 126-28; *see also id.* at 75-76.) Second, despite months of discovery motions, countless meetings and conferences of counsel, and several magistrate judge hearings regarding ESI, as of the PMK depositions in August 2025, Defendants still had not circulated a litigation hold notice, did not prohibit custodian employees from deleting information from their laptops and cell phones, and continued to wipe departing custodian employees' devices. (*Id.; see also* 2025 Raines Dep. at 140, 147.)

Based on the foregoing, the monetary relief required by the Sanctions Order is neither clearly erroneous nor contrary to law.

## III. CONCLUSION

For the reasons stated above, it is hereby ordered as follows:

1. Defendants' Objections (ECF No. 334) are overruled, and Plaintiff's Sanctions Motion (ECF No. 257) is granted insofar as sanctions have been ordered by the Magistrate Judge (ECF No. 333).

2. Ruling on Plaintiff's request for a mandatory adverse inference jury instruction or, alternatively, an order allowing Plaintiff to present evidence regarding Defendants' spoliation and an instruction that the jury may consider spoliation of evidence in making their decision, is deferred. If Plaintiff wishes to pursue this request, Plaintiff must raise the issue at the final pretrial conference. No further briefing on this request will be accepted unless requested by the Court.

3. Plaintiff's motion to seal (ECF No. 342) is denied as moot.

**IT IS SO ORDERED.**

Dated: September 28, 2026

Hon. M. James Lorenz
United States District Judge